## PEOPLE v. SAITTA.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

1. CRIMINAL LAW ☞866—APPEAL—REVIEW—COMPROMISE VERDICT.

Conviction of defendant of second degree larceny, when the evidence shows guilt, if any, in the first degree, is apparently a compromise verdict, calling for careful scrutiny by the reviewing court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2063; Dec. Dig. ☞866.]

2. CRIMINAL LAW ☞1171—MISCONDUCT OF PROSECUTING ATTORNEY.

Persistent cross-examination of defendant, especially where the prosecuting attorney is aided and assisted vigorously by the court, as to his relations with other matters and persons, tending to impress the jury with the attorney's belief of defendant's guilt in relation to such other matters and persons, and to raise a false issue, requires a reversal and a new trial, where the state's evidence was unsatisfactory.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3126, 3127; Dec. Dig. ☞1171.]

Appeal from Court of General Sessions, New York County.

Philip S. Saitta was convicted of larceny in the second degree, and appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

John C. Hollenback, of New York City, for appellant.
Robert C. Taylor, of New York City, for the People.

SMITH, J. [1] We are of opinion that the ends of justice and the due administration of the law require a reversal of this judgment of conviction. If the defendant was guilty of larceny of any property of the complainant, it was of larceny of a much larger sum than

$500, and the conviction of the defendant by the jury of larceny in the second degree is apparently a compromise verdict, which calls for careful scrutiny by the appellate court, to see that the conclusion is justified by the evidence.

The testimony of Gatto, the main witness who swore against the defendant, was far from satisfactory. He is shown to have made inconsistent statements and to have sworn to different versions of his story at different times.

With the case as thus presented to the court for review, the court deems that upon two grounds this judgment of conviction should be reversed.

First. It fairly appears that one of the jurors, while in an intoxicated condition during the trial, expressed his opinion freely to outsiders as to the defendant's guilt, before the defendant's evidence had been presented. When the juror was called before the trial judge, he was asked the general question whether he had expressed an opinion of the defendant's guilt, which he denied. He was not asked whether he made the specific allegations which witnesses swore that he did make. To the judge's statement that he was charged with intoxication by one of the witnesses with whom he talked, he replied that he had had only two glasses of beer. It is true that the trial judge offered to allow the juror to stand aside and another juror to be put in his place, to whom the evidence already taken in the case should be read. To this the defendant would not consent, because he claimed to be entitled to have the appearance of the witness Gatto before all of the jurors. To this he was probably entitled, if there had in fact been a mistrial by reason of the misconduct of this juror.

[2] Second. The main ground upon which we are of opinion that this judgment should be reversed is by reason of the the cross-examination of the defendant himself. He was asked by the district attorney as to his relations with other matters and as to misconduct connected therewith, especially as to his relations with several parties by the name of Musica, whose actions had become notorious in the criminal history of the city. He was shown to have been the attorney for several of these parties, if not all of them, and it was shown that his client had been imprisoned for a considerable period of time. It is true that all charges implied in the questions asked him with reference to his own criminal misconduct were denied by him, but the examination by the district attorney was so persistent as in itself to present before the jury a distinct charge by the district attorney of irregular and criminal misconduct in connection with his relations with his clients. Not only was this examination so persistently prosecuted by the district attorney as to impress the jury with his belief of the defendant's guilt in his relations with these parties, but the court itself joined with the district attorney in extensive cross-examination of the defendant upon these several matters, giving force and impressiveness to the implied charge which the cross-examination of the district attorney itself presented. This was carried to such an extent as to leave this court with the impression that the defendant

was not convicted alone upon this charge of larceny, but in part at least upon other matters not relevant to the issue, and to which the defendant could make no answer, except that of his own denial.

It is undoubtedly true that in cross-examination of a defendant a prosecuting attorney is at liberty to interrogate him upon matters aside from those involved in the action itself, for the purpose of eliciting answers from him which may discredit his testimony; but that right itself may be carried so far, especially when the prosecuting attorney is aided and assisted vigorously by the court itself, as to present to the jury a false issue and materially to prejudice the jury against the defendant and against his defense to the criminal charge upon which he is being tried. These principles are clearly enunciated in the opinion of Judge Hiscock in People v. Freeman, reported at 203 N. Y. 267, 271, 96 N. E. 413, and in view of the issue presented and the nature of the proof offered by the prosecuting attorney in corroboration of the charge, we are of opinion that the ends of justice demand that the conviction should be reversed, and a new trial granted. Settle order on notice. All concur.